# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| ENOL MILIEN | * | CIVIL ACTION NO. 05-1820 |
| VERSUS | * | JUDGE JAMES |
| ALBERTO GONZALES, et al | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Doc. #1) filed by Petitioner, Enol Milien ("Milien"), on October 14, 2005. The Government has responded to Milien's petition. For reasons stated below, it is recommended that Milien's petition be **DISMISSED without prejudice.**

## BACKGROUND

Milien is a native and citizen of Haiti. Milien entered the United States in 1981 and ultimately obtained permanent resident status. In 1999, Milien was convicted of drug trafficking. Upon his release from prison in February, 2005, Milien was taken into custody by the United States Bureau of Immigration and Customs Enforcement ("ICE"). On October 14, 2005, Milien filed this petition alleging that no removal proceedings had been commenced against him and therefore, his detention was unconstitutional.

On April 21, 2006, the Government responded that removal proceedings against Milien were concluded on April 12, 2006; at the removal proceeding, Milien withdrew his request for asylum and waived appeal. (Doc. #16) The Immigration Judge issued a final order of removal.

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3),

is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal.

Now that Milien is subject to an order of removal, his detention is appropriate pursuant to § 241(a)(2) of the INA, 8 U.S.C. § 1231(a)(2), which provides in pertinent part:

> During the removal period, the Attorney General shall detain the alien.  Under no circumstance during the removal period [90 days from the date the order of removal becomes administratively final] shall the Attorney General release an alien [who is] deportable under section 1227(a)(2) [aliens convicted of certain criminal offenses such as aggravated felonies and controlled substance crimes].

The removal period in Milien's case will not expire prior until July 11, 2006.  In *Zadvydas*[1], the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal.  *Id.* at 688-98.  The Court, however, noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final.  *Id.* at 697-702.  After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence.  *Id.*

In this case, neither the removal period nor the presumptive three month period following the removal period have expired.  Therefore, Milien's petition is premature, and it is recommended that it be **DISMISSED without prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten**

---

[1] The Supreme Court recently extended its holding in *Zadvydas* to inadmissible aliens in *Clark v. Martinez*, 543 U.S. 371 (2005).

2

**(10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 25th day of April, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE